This is an appeal from an interlocutory order made in the Superior Court of Haywood County by Reade, J. In the argument here it was said by the counsel that the order was made in a proceeding to review the decision of the clerk in passing upon the sufficiency of a deposition as prescribed in Rev. Code, ch. 31, sec. 63. But the record does not show that the clerk had passed upon the deposition at all, and of course does not show that there was any appeal from any order made by him. The order of the judge does not appear to have been made on the trial of the cause, for, so far as the record shows, there was no jury impaneled to try it. All that appears from the record is that the deposition was brought to the notice of the court preparatory to the trial, and the question was submitted to the presiding judge, whether it was taken under such circumstances as would allow of its being read on the trial, and he decided against its admissibility. Such being the case, he had no jurisdiction to make the order, and there having been no cause before the court, there could be no appeal under section 23 of chapter 4 of the Revised Code. The consequence is that the appeal must be dismissed as having been improvidently granted. Whether, if the record had shown an appeal from the decision of the clerk to the court, the judge might have decided on the appeal, before the jury was impaneled in the cause, and allowed an appeal from his order to this Court, (476) or whether it was necessary to offer the deposition on the trial, and let its admission or rejection form an item in a bill of exceptions, is an interesting question of practice which we will not undertake to decide until it is properly brought before us.
The appeal must be dismissed at the cost of the appellant.
PER CURIAM. Appeal dismissed. *Page 305